**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

Amadeus IT Group, S.A.,

       *Petitioner*,

v.

Ebix, Inc.,

       *Respondent*.

CIVIL ACTION NO.
1:22-cv-04109-SEG

## PETITIONER'S REPLY IN SUPPORT TO ITS MOTION
## FOR DEFAULT JUDGMENT

Petitioner, Amadeus IT Group, S.A. ("Amadeus"), submits this reply brief in support of its Motion for Default Judgment against Respondent, Ebix, Inc. ("Ebix") in connection with Amadeus' petition to recognize and enforce a foreign arbitral award [Doc. 01] (the "Petition").

As stated in its prior pleadings, Ebix has not demonstrated good cause for failing to file a timely response to Amadeus' Petition which was properly served. That failure was solely a result of Ebix's own neglect. Further, this is not a matter in which vacating a default is necessary to allow the defendant to defend against liability on the merits. Ebix already had the opportunity in the arbitration to defend the case on the merits. It fully exercised that opportunity, and it lost. In this

Circuit, "arbitration is an alternative to litigation, not an additional layer in a protracted contest."[1] Ebix's efforts to reopen the default will be futile given that Ebix has asserted no valid grounds to challenge the arbitration award. Reopening the default simply adds another layer to an already protracted contest.

Ebix's sole basis for challenging the arbitration award is the tribunal's award of attorney's fees. Contrary to Ebix's argument, the arbitral tribunal did not exceed its scope or authority in awarding attorney's fees. "In an international arbitration governed by an institutional rule for international arbitration, any award on attorneys' fees and costs will be regulated by the relevant arbitration rules governing award of costs and fees."[2] By agreement of the parties, the international arbitration resulting in the award against Ebix was governed by the International Chamber of Commerce ("ICC") Arbitration Rules, which expressly allow the award of attorneys' fees. Ebix's basis for challenging the award is frivolous.

---

[1] *B.L. Harbert Int'l, 441* F.3d at 913–14, overruled on other grounds, *Hall Street Associates LLC v. Mattel*, 552 U.S. 576 (2008).

[2] Tai-Heng Cheng, *Recovery of Fees and Costs,* in Laurence Shore, et al, Int'l Arbitration in the U.S., 452 (2018); *see also* authority cited in Pet'r's Resp. to Resp't's Mot. To Set Aside Clerk's Entry of Default [Doc. 18] at 8.

Amadeus requests that this Court award the attorneys' fees associated with this enforcement action because Ebix has refused to abide by a binding arbitration decision without a valid defense.[3]

## I.    BACKGROUND

As stated in Amadeus' Petition and its Motion for Default Judgment,[4] the parties entered into the Global Agreement on October 1, 2019.[5] From the very start, Ebix failed to meet its obligations under the Global Agreement.[6] After months of negotiations, Ebix remained unwilling to return the Advance Incentive Payment paid by Amadeus under the Global Agreement.[7] Accordingly, on April 30, 2020, Amadeus terminated the Global Agreement and demanded repayment from Ebix.[8] On September 8, 2020, Amadeus commenced ICC arbitration proceedings, as provided in the Global Agreement, against Ebix and EbixCash Private Limited (f/k/a Ebix Software India Private Ltd.) ("EbixCash" a fully owned subsidiary of

---

[3] *Bamberger Rosenheim, Ltd. v. OA Dev., Inc.*, No. 1:15-CV-04460-ELR, 2018 WL 6137615, at *2 (N.D. Ga. Aug. 23, 2018).

[4] Pet'r's Mot. Default J. [Doc. 10].

[5] Bentham Decl. Ex. A Global Agreement [Doc. 1-1].

[6] Petition to Confirm Foreign Arbitral Award ("Pet.") at ¶ 11–13.

[7] Goodwin Decl. [Doc. 10-2] at ¶ 5–7.

[8] Pet. at ¶ 15.

Ebix).[9] The arbitral tribunal rendered an award (the "Final Award") in favor of Amadeus on February 17, 2022.[10]

Ebix suggests that the parties are in active settlement negotiations. To the contrary, following the issuance of Final Award, there was only a *single email exchange* between the parties on August 26, 2022.[11] This was the first time that Ebix made any effort to contact Amadeus after the conclusion of the arbitration. Because this exchange showed no signs of resolving the dispute, Amadeus filed its Petition on October 14, 2022.[12] Only after the Clerk's entry of default in December did Ebix even attempt to reopen negotiations.[13]

Amadeus duly served Ebix with the Petition through Ebix's registered agent in Georgia, National Registered Agents, Inc. By this time, counsel for Amadeus in the arbitration (Simmons & Simmons LLP, "Simmons") had been informed by the Indian law firm that represented Ebix in the arbitration that it was no longer representing Ebix.[14] The registered agent received the summons on October 21,

---

[9] Pet. at ¶ 18.

[10] Final Award dated February 17, 2021 [Doc. 1-1, Ex. 2].

[11] Kundu Aff. [Doc.12-2] at ¶ 6.

[12] *See generally*, Pet.

[13] Kundu Aff. [Doc.12-2] at ¶ 6.

[14] Bentham Decl. [Doc. 18-2] at ¶ 4.

2022. The registered agent promptly forwarded the summons to Ebix. A physical copy of the summons was delivered to Ebix's place of business on November 7, 2022, well within the twenty-one-day response period.[15]

Amadeus filed its motion for entry of default on November 21, 2022. The Clerk of the Court entered the default on November 22, 2022. Ebix claims it was unaware of the default until December 6, 2022. If so, this was solely due to the neglect of its own employees who failed to check their mail. Ebix failed to appear until December 12, 2022, over a month after being provided physical copies of the summons and nearly two months after its registered agent was properly served. Amadeus filed its motion for default judgment on December 14, 2022.

## II.   <u>LEGAL STANDARD</u>

Rule 55 of the Federal Rules of Civil Procedure allows the Court to set aside entry of default upon a showing of "good cause." Fed. R. Civ. P. 55(c). The respondent bears the burden of establishing "good cause".[16] The Eleventh Circuit has considered several factors in determining whether a party in default has established "good cause." These factors include:

---

[15] Hamil Aff. [Doc. 12-3] at ¶ 5–6.

[16] *Wilcox v. Caine & Weiner Co., Inc.,* No. 120CV04159ELRRGV, 2021 WL 1351856, at *1 (N.D. Ga. Mar. 5, 2021).

(1) whether the default was culpable or willful, (2) whether setting the entry of default aside would prejudice the adversary, (3) whether the defaulting party presents a meritorious defense, (4) whether the public interest has been implicated, (5) whether the entry of default would cause significant financial loss to the defaulting party, and (6) whether the defaulting party acted promptly to correct the default.[17]

This case involves the enforcement of a foreign arbitral award. "Judicial review of arbitration decisions is 'among the narrowest known to the law.'" *Gherardi v. Citigroup Glbo. Mkts., Inc.*, 975 F.3d 1232, 1237 (11 Cir. 2020) (quoting *Bamberger Rosenheim, Ltd. (Isr.) v. OA Dev., Inc. (U.S.)*, 862 F.3d 1284, 1286 (11th Cir. 2017).

## III. <u>ARGUMENT</u>

For the reasons stated in Amadeus' Response to Ebix's Motion to Set Aside the Clerk's Entry of Default which are incorporated by reference and briefly summarized hereinafter,[18] Ebix has not established "good cause" to set aside the entry of default, and this Court should grant Amadeus' Motion for Default Judgment and confirm the Final Award.

### A. Ebix has Failed to Demonstrate "Good Cause" to Set Aside the Clerk's Entry of Default

---

[17] *Id.* (citing *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996)).

[18] Pet'r's Resp. to Resp't's Mot. To Set Aside Clerk's Entry of Default [Doc. 18] at 5–14.

Ebix has failed to demonstrate "good cause." Its failure to make a timely response was culpable.[19] Ebix was properly served through its registered agent, and a physical copy of the summons was delivered to Ebix on November 7, 2022, well within the twenty-one-day response period. Ebix neglected to have the right procedures in place to have notice of actions served through its own registered agent, which is inexcusable, especially for a large public company, such as Ebix.

Ebix has not presented a meritorious defense to the Final Award under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention").[20] The only defense to the award asserted by Ebix here is that the arbitral tribunal should not have awarded attorney's fees to Amadeus as the prevailing party. Yet the parties agreed to be bound by the ICC arbitration rules, which explicitly allow arbitrators to award attorneys' fees. Article 38 of the ICC Rules of Arbitration states: "1) The costs of the arbitration shall include…the *reasonable legal and other costs incurred by the parties* for the arbitration … 4) The final award shall fix the costs of the arbitration and *decide which of the parties shall bear them* or in what proportion they shall be

---

[19] Full argument on this issue incorporated by reference for brevity. Pet'r's Resp. to Resp't's Mot. To Set Aside Clerk's Entry of Default [Doc. 18] at 8–10.

[20] Full argument on this issue incorporated by reference for brevity. *Id.* at 5–7.

borne by the parties."[21] The arbitration panel thus had the power to award attorneys' fees.[22]

Ebix relies on *McDaniel v. EquityExperts.Org* to argue that even if it has failed to present a meritorious defense, the Court may set aside an entry of default.[23] In that case, however, every other factor weighed in favor of setting aside the entry of default.[24] Here, all factors weigh against setting aside the default.

"Arbitration's allure is dependent upon the arbitrator being the last decision maker in all but the most unusual cases … when litigants pursue baseless contests of arbitration awards, the promise of arbitration is broken."[25] Ebix's unresponsiveness and efforts to delay have allowed it to unlawfully retain

---

[21] Art. 38 ICC Rules of Arbitration, available at https://iccwbo.org/dispute-resolution-services/arbitration/rules-of-arbitration/#article_38.

[22] *See Fowler v. Ritz-Carlton Hotel Co., LLC*, 579 F. App'x 693, 699 (11th Cir. 2014) (rejecting argument that the arbitrator "exceeded her authority" by awarding attorneys' fees and costs when the parties' arbitration agreement and the AAA rules (which were incorporated by the agreement) explicitly allowed the arbitrator to award them); *see also* authority cited in Pet'r's Resp. to Resp't's Mot. To Set Aside Clerk's Entry of Default [Doc. 18] at 8.

[23] *McDaniels v. EquityExperts.Org, LLC*, 2019 WL 3526505, at *1–2 (N.D. Ga. May 14, 2019).

[24] *Id.*

[25] *World Business Paradise, Inc. v. Suntrust Bank*, 403 Fed.Appx. 468, 470 (11th Cir. 2020), quoting *B.L. Harbert Intern., LLC v. Hercules Steel Co.*, 441 F.3d 905, 913 (11th Cir. 2006), *abrogated on other grounds by Frazier v. CitiFinancial Corp.*, 604 F.3d 1313, 1321 (11th Cir. 2010).

approximately $15 million of Amadeus' money for over three years.[26] Even after losing the arbitration, Ebix has refused to pay. Forcing Amadeus to litigate in U.S. court a dispute that has already been resolved in arbitration deprives Amadeus of the "promise of arbitration" and constitutes prejudice. [27]

Public interest favors the enforcement of legitimate foreign arbitral awards, enforcing contracts, and judicial efficiency.[28] The U.S. Supreme Court has recognized that "the principal purpose" behind the adoption of the New York Convention "was to encourage the recognition and enforcement of commercial arbitration agreements in international [disputes]…."[29] Denying this motion would contravene the New York Convention and be against public interest.

Additionally, Ebix is already liable for the Final Award because the arbitration was binding. Granting this Motion will not substantially increase Ebix's existing liabilities beyond the reasonable attorneys' fees associated with this

---

[26] Goodwin Decl. [Doc. 10-2] at ¶ 4.

[27] Full argument on this issue incorporated by reference for brevity. Pet'r's Resp. to Resp't's Mot. To Set Aside Clerk's Entry of Default [Doc. 18] at 5–7.

[28] Full argument on this issue incorporated by reference for brevity. Pet'r's Resp. to Resp't's Mot. To Set Aside Clerk's Entry of Default [Doc. 18] at 11–12.

[29] *Cvoro*, 941 F.3d at 495 (quoting *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 520 n.15, 94 S. Ct. 2449, 2457 n.15, 41 L.Ed.2d 270 (1974)).

enforcement action, which Ebix brought upon itself for failing to comply with the Final Award without justification.[30]

Ebix cannot demonstrate "good cause" for setting aside the default under the above factors.

### B. A Judgment Awarding Attorney Fees Related to This Enforcement Action is Appropriate and Requires No Further Hearing or Pleading

Ebix's response argues that the award of the attorneys' fees related to this enforcement action is not warranted as a matter of law. To the contrary, Amadeus presented authority from this district in its Motion for Default Judgment demonstrating that attorney's fees and costs may be recovered "when a party opposing confirmation of arbitration award refuses to abide by an arbitrator's decision without justification."[31] Further, the Court may award fees without an evidentiary hearing or further pleading. Amadeus has presented evidence of the invoices Amadeus has received and provided declarations from the lead attorneys

---

[30] Full argument on this issue incorporated by reference for brevity. Pet'r's Resp. to Resp't's Mot. To Set Aside Clerk's Entry of Default [Doc. 18] at 12.

[31] *Bamberger Rosenheim, Ltd. v. OA Dev., Inc.*, No. 1:15-CV-04460-ELR, 2018 WL 6137615, at *2 (N.D. Ga. Aug. 23, 2018) (emphasis added) cited Pet'r's Mot. Default J. [Doc. 10] at 9.

for Amadeus concerning the reasonableness of their fees.[32]  Because Ebix has not

contested the reasonableness of the attorney's fees, and Amadeus has presented

evidence from the lead attorneys for Amadeus concerning the reasonableness of

their fees, the only contested issue is whether fees are recoverable in this instance

as a matter of law, and courts in this district allow for the recovery of fees when a

party has failed to abide by an arbitrator's decision without justification. Ebix has

done just that.

## IV.    CONCLUSION

For these reasons. Amadeus respectfully request that the Court enter default

judgment against Ebix.

Respectfully submitted this 20th day of January, 2023.

ARNALL GOLDEN GREGORY LLP

/s/ Glenn P. Hendrix

Glenn P. Hendrix
Ga Bar No. 346590
glenn.hendrix@agg.com
Landen P. Benson
Ga Bar No. 863909
landen.benson@agg.com

---

[32] *See, e.g., Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Gaines v. Dougherty County*, 775 F.2d at 1571; *Carr v. Blazer Financial Services, Inc.*, 598 F.2d 1368, 1371 (5th Cir. 1979).

171 17th St. NW, Suite 2100 Atlanta, GA
30363-1031
Telephone: 404.873.8692

*Attorneys for Petitioner Amadeus IT Group,
S.A.*

**CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing document was prepared using 13-point Book Antiqua font.

/s/ Glenn P. Hendrix
Glenn P. Hendrix
Ga Bar No. 346590